Chief Justice Quiñones, and Justices Hernández and Mac Leary concurred.

Mr. Justice Figueras did not sit at the hearing of this case.

---

## Ex Parte Hawes.

### Appeal from the District Court of San Juan.

No. 37.—Decided June 16, 1903.

Dominion Title.—If in a proceeding instituted for the purpose of securing a declaration of dominion title, the time during which the property has been in possession of the grantors is not shown, and if it is only shown that the petitioner has been in possession of the property for two months, a dominion title to such property cannot be declared to have been proven.

### STATEMENT OF THE CASE.

In a proceeding prosecuted for the purpose of securing a declaration of ownership or dominion title, by Frederick W. Hawes, representing his wife, María Noel, the District

María Noell, dictó auto el Tribunal de Distrito de San Juan,
que literalmente copiado dice así :

"Puerto Rico, 20 de Marzo de 1903. Dada cuenta; y—*Resultando:* que
Mr. Frederick W. Hawes, vecino de esta ciudad, mayor de edad, y empleado,
en representación de su esposa Doña María Noell, presentó escrito al
Tribunal manifestando que su referida esposa es dueña de un predio de.
terreno situado en el barrio de "Pájaros", de la jurisdicción de Bayamón,
compuesto de nueve cuerdas con ciento veinte y dos varas, equivalentes á
tres hectareas, cincuenta y cuatro areas y setenta y cinco centiareas setenta
céntimos, colindantes por el Norte con Mr. J. Better, por el Sur con el Dr.
Leonhact, por el Este con Mr. J. Better, y por el Oeste con la Sucesión
Medina; que dicho terreno lo hubo por compra á Pedro Dávila y Cedeño y
su esposa Beatriz Sempers y Giballo, los cuales lo hubieron de Silvano
Marrero y éste de Don Pablo Lavandero y su esposa Doña Dionisia Medina;
y su valor es de sesenta y tres dollars; y que careciendo de título inscrito á
los efectos del Registro, promueve este expediente utilizando como prueba la
declaración del vendedor y la de Silvano Marrero á quienes les consta la
posesión quieta y pacífica desde la adquisición, así como que dicho terreno no
tiene gravamen alguno.

*Resultando :* que previa audiencia del Sr. Fiscal en providencia de 2 de
Enero último se dispuso que con citación de dicho Ministerio, de las personas
de quienes procedían los bienes, de los que tuvieran en ellos algún derecho
real y de los colindantes se practicaran las pruebas propuestas en el término
de sesenta días, convocándose á las personas ignoradas á quienes pueda
perjudicar la inscripción por medio de edictos que se fijaron en los sitios
públicos y se publicaron por tres veces en un periódico de los de más
circulación.

*Resultando :* que fijados y publicados los edictos en tres números del
Boletín Mercantil del 7, 8 y 9 de Enero último, transcurrió con exceso el
término de sesenta días, antes indicado, sin que durante él, ni posteriormente,
se haya presentado ninguna reclamación contra la pretensión deducida y
habiéndose evacuado en el mismo período las pruebas propuestas por el
promovente con citación del Sr. Fiscal, del vendedor, quien declaró á tenor
de los hechos relacionados y de los colindantes del predio mencionado, y
además declararon tres testigos vecinos de Bayamón, mayores de toda
excepción, constarles los hechos referidos y la adquisición del inmueble.

*Resultando :* que en la tramitación de este expediente se han observado las
reglas del procedimiento.

*Considerando :* que no constando el tiempo que vino poseyendo la finca,
objeto de este expediente, las personas de quienes las hubo el promovente y
sí tan sólo que éste la adquirió ha dos meses, no existen términos hábiles

Court of San Juan, made an order which, literally tran-
scribed, reads as follows:

"Porto Rico March 20, 1903.    Frederick W. Hawes, a resident of this
city, of age and an employee, on behalf of his wife María Noell, filed a
petition in this court alleging that his wife was the owner of a tract of land
situated in *barrio* "Pájaros", within the municipal district of Bayamón,
consisting of nine *cuerdas* and one hundred and twenty-two *varas*, equal to
three hectares, fifty-four ares and seventy-five and seventy-one hundredths
centares, bounded on the north by lands belonging to J. Better; on the south
by lands belonging to Dr. Leonact; on the east ·by lands belonging to J.
Better, and on the west by the estate of Medina; that said land was acquired
by her by purchase from Pedro Dávila y Cedeño and his wife Beatriz Sem-
pers y Giballo, who had obtained it from Silvano Marrero, and the latter
from Pablo Lavandero and his wife Dionisia Medina; .the value of said tract
of land being sixty-three dollars, and as she had no title recorded for the
purposes of registry, she resorted to these proceedings proposing as evidence
the testimony of the vendor and that of Silvano Marrero, who would testify
as to their knowledge of the quiet and peaceful possession of the property
from the time it was acquired, and also that said land was free from incum-
brance.

After hearing the opinion of the *Fiscal*, the court, on January 2, last, order-
ed that the Attorney-General, the persons from whom the tract was acquired,
and those having any property rights therein, as well as the adjoining
owners, all be cited and that the taking of the evidence proposed be proceeded
with within the period of sixty days, and that all unknown persons who
might be prejudiced by the declaration of ownership be cited by means of
edicts posted in public places and published three times in a paper having
the largest circulation.

The edicts were posted and published in three issues—January 7, 8
and 9, of the "Boletín Mercantil", and more than the aforesaid period
of sixty days having elapsed without the presentation of any claim in
opposition to the petitioner's request, either during the said period or there-
after, the evidence proposed by the petitioner was taken, the *Fiscal*, the
vendor, who testified in accordance with the facts hereinbefore set forth, and
the adjoining owners having been cited, as also three other unimpeachable
witnesses residents of Bayamón, who testified as to their knowledge of the
above mentioned facts and of the acquisition of the property.

In the consideration of this petition all the rules of procedure were
observed.

Inasmuch as the time during which the property in question had been in
possession of the persons from whom the petitioner had acquired it has not

para que el Tribunal pueda apreciar. si ha tenido lugar la adquisición del dominio por la posesión pacífica no interrumpida y á título de dueño, no constando tampoco la adquisición de dicho derecho por ninguno de los otros medios que la ley establece.

*Vistos* los artículos 395 de la Ley Hipotecaria y 1831, 1840, 1841, 1842 del Código Civil y O. G. de 4 de Abril de 1899, — No ha lugar á declarar justificado el dominio de la finca de que se trata por falta de haberse probado dicho derecho. — Lo acordaron por mayoría los Señores del Tribunal,. disintiendo el Sr. Juez Presidente y firman por ante mí que certifico : Juan Morera Martínez. — Frank H. Richmond. — José Tous Soto. — Luis Méndez Vas."

*Resultando :* que notificado este auto al esposo de la promovente, interpuso recurso de apelación que se admitió libremente y en ambos efectos y con citación y emplazamiento de las partes se elevaron los autos á esta Superioridad en donde se personó en tiempo el apelante, quien evacuó el trámite de instrucción que se le confirió, así como el Fiscal que impugnó el recurso.

*Resultando :* que señalado día para la vista, tuvo esta lugar el 11 del corriente, en cuyo acto las partes alegaron, *in voce,* cuanto estimaron conducente á su derecho.

Abogado del apelante : *Sr. Bosch.*

Fiscal del Tribunal Supremo : *Sr. del Toro.*

been shown, the only fact known being that of its purchase two months ago by the petitioner, it is impossible for the court to determine whether the said property had been acquired by peaceful and uninterrupted possession under title of ownership, nor has the acquisition of said right been established by any of the other means provided for by law.

In view of articles 395 of the Mortgage Law, and 1831, 1840, 1841, 1842 of the Civil Code, and General Order of April 4, 1899, the ownership of the property in question can not be declared inasmuch as the right thereto has not been proven. The foregoing judgment was concurred in by a majority of the court, the Presiding Judge dissenting, the same being signed before me, to which I certify. Juan Morera Martínez—Frank H. Richmond—José Tous Soto—Luis Méndez Vas".

Petitioner's husband having been notified of this order, he took an appeal therefrom which was allowed and after citing the parties, the record was forwarded to this Supreme Court, where the appellant in due time appeared, the record having been submitted to him as also to the *Fiscal* who contested the appeal.

A day was set for the hearing which was had on the 11th of this month when both parties presented such arguments as were deemed pertinent to their respective claims.

Mr. *Bosch*, for appellant.

Mr. *del Toro*, *Fiscal* of the Supreme Court.

MR. JUSTICE FIGUERAS, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law contained in the order appealed from are accepted, and in view of the legal provisions therein cited, and articles 872 of the Law of Civil Procedure, and 63 of General Order No. 118, we adjudge that we should affirm and do affirm the order made on March 20, 1903 by the District Court of San Juan, with costs against appellant.

Chief Justice Quiñones, and Justices Sulzbacher, and MacLeary concurred.

Mr. Justice Hernández, did not sit at the hearing of this case.